The bill of complaint is filed to establish a constructive trust in favor of the complainant.
Complainant is a corporation of this state, owned and controlled by Samuel Greenblatt. The bill of complaint alleges that complainant was the owner of a certain apartment house in Paterson; that the Paterson Savings Institution held a first mortgage for the principal sum of $30,000 covering said property, the market value of which is approximately $55,000; *Page 274 
that in the year 1938, complainant failed to pay the taxes assessed against the premises and was irregular in making payments of interest due thereon; that Greenblatt sought the advice and financial assistance of Altshuler, one of the defendants; and that Altshuler, through the Wellworth Realty Corporation, which he and his brother controlled, advanced large sums of money to Greenblatt and complainant company, as a result of which Greenblatt and his wife gave the Altshulers a mortgage which covered the premises in question as well as other properties; that about March, 1940, Greenblatt met Altshuler and advised him that he was having difficulty in financing the said premises and asked his assistance; that Altshuler represented to Greenblatt that the Wellworth Realty Corporation would undertake to refinance the encumbrances on said premises and would interview the bank which held the mortgage and Altshuler would acquire the premises for the benefit of complainant either by refinancing the same or buying the premises in the event of a foreclosure; that in April, 1940, complainant was directed by the bank to put its mortgage in good standing or the bank would foreclose, which information was told to Altshuler who advised Greenblatt that he would ask the bank to extend the time of payment of the mortgage and endeavor to obtain other financial assistance; that thereafter Altshuler told complainant that he had been unable to obtain an extension of the time of payment of the mortgage and also had been unable to make proper arrangements to refinance the mortgage; that on June 10th, 1940, the bank filed its bill to foreclose; that complainant sought further advice from Altshuler and was advised, encouraged and promised by Altshuler that he would appear at the sale and bid in the premises for the benefit of complainant; that complainant relied upon this statement and refrained from obtaining financial assistance from other sources; that on October 28th, 1940, Greenblatt attended the sheriff's sale, was met by Altshuler who told him that the bank intended to bid in the property for the full amount of the decree, interest and taxes which totaled $37,000 and that, therefore, he, Altshuler, would not bid; that the bank bid in the premises for $37,000; that complainant filed *Page 275 
objections to the confirmation of the sale for the purpose of obtaining additional time to refinance the premises; that the objections were subsequently overruled and the sale confirmed; that thereafter Altshuler again advised Greenblatt that he would talk to the officials of the bank in an effort to obtain title for the benefit of the complainant and that Altshuler informed him the bank would not sell the premises at that time; that on December 4th, 1940, the sheriff's deed to the bank was recorded and that at the same time a deed from the bank to the Wellworth Realty Corporation was recorded reciting a consideration of $35,000, $15,000 cash and the balance by a purchase-money bond and mortgage.
It, therefore, appears that the complainant charges that there was a preconceived plan by the defendants to fraudulently, covinously and corruptly deceive, mislead and frustrate complainant from saving the property and prevent it from staying the foreclosure; that defendants did everything to hasten its loss by complainant; and that defendants willfully, maliciously, fraudulently and covinously prevented complainant from protecting itself from foreclosure and lulled the complainant into a sense of false security.
Complainant asks this court to decree that the Wellworth Realty Corporation holds the legal title in trust for the complainant and that it be ordered to convey the title to the complainant upon payment of the amount due.
The answer denies the allegations of the complaint and says that Greenblatt never sought the advice or assistance of Altshuler, or of any of the defendants, and that defendant never undertook to act for Greenblatt or the complainant in the premises.
The testimony clearly establishes that Greenblatt had permitted a substantial tax default to arise; that he did not meet the bank's requirements in the manner of alterations and repairs but, on the other hand, merely submitted counter-offers to the demands of the bank and the bank, in the final analysis, was forced to foreclose. The Altshulers, as holders of a junior encumbrance, naturally received notice of the pendency of the foreclosure and their decision to acquire the property was proper. *Page 276 
After fully considering the evidence, I am not convinced that Jacob Altshuler, or any of the defendants, entered into any agreement which the complainant alleges. Under such circumstances, the bill of complaint will be dismissed.